UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Confederación de Asociaciones Agrícolas del Estado de Sinaloa, A.C., *et al.*,<br><br>        Plaintiffs,<br>  v.<br><br>United States,<br><br>        Defendant,<br>  and<br><br>The Florida Tomato Exchange,<br><br>        Defendant-Intervenor. | **Court No. 19-00059** |

**PLAINTIFFS' MOTION FOR RECONSIDERATION AND STATUS CONFERENCE**

  Plaintiffs Confederación de Asociaciones Agricolas del Estado de Sinaloa *et al.* (collectively, "CAADES") move for reconsideration of the Court's Order of June 19, 2019, and for the restoration of the Court's Order of June 18, 2019.  CAADES also requests a status conference.  The reasons for this motion follow.

  1.  The Court's Order of June 19, 2019, was issued after a "status conference" requested *ex parte* by the government and held that afternoon, during which the government made arguments and cited authorities as to which CAADES had no prior notice or advance opportunity to prepare for, consider, and rebut.  This was unfair and prejudicial to CAADES.

  At 7:56 AM on June 19, CAADES' counsel received an e-mail from the Case Manager giving notice that the government had requested a "status conference," and that the Court was going to hold such a status conference by telephone on Monday, June 24, 2019, at 11:00 AM. This notice did not state, and the government had not advised the parties, why the government was seeking a status conference or what it wanted to discuss.  CAADES' counsel responded by naming Neil H. Koslowe and Thomas B. Wilner as those who would participate on behalf of

CAADES in the status conference, but also inquired as to why the government counsel was seeking a status conference and what it wanted to discuss.  Government counsel replied that the government was asking for a status conference "(1) to seek clarification on the Court's scheduling order issued yesterday, specifically the two-tiered briefing schedule including a motion for summary judgment and a motion for judgment on the administrative record, and (2) the status of our motion for a protective order."  Government counsel said that, "[i]n addition, we would like to discuss the scheduling deadlines."

At 3:23 PM on June 19, the Case Manager informed the parties that the Court would hold the telephonic status conference 27 minutes later that day, at 3:45 PM.  Mr. Wilner, one of the two CAADES' counsel identified to be a participant in the status conference, was out of town and not within cellphone reach at that time.  Mr. Koslowe, CAADES' other identified counsel, prepared for the status conference on the basis of government counsel's representations.

However, government counsel transformed virtually the entire "status conference" into an oral argument in support of Defendant's Motion to Suspend the Requirement that the Parties Confer and File a Joint Proposed Scheduling Order and for Clarification, which the government filed on June 11, 2019 ("Motion to Suspend," Doc. 40).  During the conference, government counsel repeatedly cited and relied upon rules and decisions of this Court to which it had referred in that motion.  The government had given no notice prior to the status conference that it was going to refer to or argue in support of that motion, and CAADES' counsel had no reason to believe that motion would be the subject of the conference.

Thus, CAADES was deprived the elementary right to know in advance and be prepared to respond to the arguments the government would make at the "status conference."  The result of that conference was that the Court retracted its Order of June 18, 2019 and issued a new Order

allowing, but not requiring, the government to file an "administrative record" by July 8, and significantly postponing the briefing of CAADES' pending motion for summary judgment. CAADES respectfully submits it is appropriate in this circumstance for the Court to grant it a meaningful opportunity to respond to the government's arguments and reconsider its Order.

    2. The arguments made by the government in its Motion to Suspend and during the status conference do not apply to the present case and have no merit. Essentially, the government contends that, (i) the Court's exercise of jurisdiction under 28 U.S.C. § 1581(i) should conform to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706; (ii) a court reviews agency action under the APA on the basis of an administrative record produced and filed by the government; (iii) challenges to agency action under the APA typically are decided on the basis of either a motion to dismiss under Rule 12(b) of the Rules of this Court before the agency filed the administrative record or a motion for judgment on the record under Rule 56.1 after the agency files the record; (iv) under Rule 73.3(a) of the Rules of this Court, the agency files the adminstrative record simultaneously with the filing of its answer; therefore, (v) the Court must grant the government sufficient time to file a Rule 12(b) motion to dismiss, and if, after full briefing it denies that motion, grant the government an additional 14 days to file an answer and the administrative record and only then establish a schedule for the submission and briefing of competing motions for judgment on that record. Motion to Suspend at 2-5.

    "Importantly," argues the government, a motion for summary judgment under Rule 56 of the Rules of this Court "is not warranted" here because the standard governing such motions "differs from the standard applicable in record review cases." Motion to Suspend at 4 n. 1. The government argues that the only appropriate motion is a Rule 56.1 motion for judgment on the record, which "'examines whether the adminstrative body, given all the disputed and undisputed

facts appearing in the record, acted in a manner that complied with the legal standards governing the decision under review.'" *Id.*

These arguments are inapplicable to the present case, in which the only issue before the Court is the purely legal question of whether the Commerce Department had any authority to take the three actions it took when it withdrew from the 2013 Suspension Agreement. The law prescribes that, in such a case, the administrative record is limited to the decision published by Commerce giving the reasons for its action, which is already before the Court. There are no disputed facts in the record for the Court to resolve or, indeed, any relevant facts at all.

The present case is analogous to *Motions System Corp. v. Bush*, 342 F.Supp. 2d 1247 (CIT 2004), *aff'd en banc*, 437 F.3d 1356 (Fed. Cir. 2006). In that case, plaintiff Motion Systems challenged a decision by the President, "releasd in the form of a Federal Register notice," to deny import relief to the domestic industry manufacturing pedestal actuators. *Id*. at 1251-1252. Motion Systems' principal argument was that the President lacked statutory authority in declining to impose import quotas on pedestal acutators from the People's Republic of China. The government moved to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and also moved under Rule 56.1 motion for judgment on the agency record. Motion Systems also moved under Rule 56.1 for judgment on the record and asked this Court to set aside the President's decision.

In a comprehensive opinion, (now Chief) Judge Stanceu held that this Court had jurisdiction under 28 U.S.C. § 1581(i); that, because the principal defendant was the President, there was no agency "record" to review other than the President's published decision; that, in this circumstance, "Rule 56.1 does not precisely describe the issue pending before the court;" and that, therefore, "the court will consider [the government's] motion as a motion for summary

judgment under USCIT Rule 56 and, similarly, treat the submission of plaintiff opposing defendants' motion as a cross motion for summary judgment." 342 F. Supp. at 1257-1258. Judge Stanceau noted that, at oral argument, **both** "parties indicated that they do not oppose the court's consideration of the relief sought by defendants and plaintiff as a motion and cross motion, respectively, for summary judgment under Rule 56." *Id*. at 1258 n. 6. Furthermore, although Motion Systems changed its mind after oral argument, Judge Sanceau adhered to his decision, pointing out that Motion Systems "d[id] not establish that this case presents a genuine issue as to any material fact," and that, "[u]nder these circumstances, Rule 56 is the applicable rule under which this case is to be decided." *Id*.

In holding that summary judgment under Rule 56, and not judgment on an agency record under Rule 56.1, was approppriate in *Motion Systems*, Judge Stanceau made this observation, which is directly relevant to the present case:

> This case presents no genuine issue as to any material fact. Both plaintiff and defendants are seeking judgment as a matter of law. Specifically, plaintiff Motion Systems seeks an order granting it judgment on the record setting aside the President's determination not to grant relief from imports. Defendants and defendant-intervenor … seek judgment as a matter of law dismissing this action. These circumstances are within the ambit of Rule 56, Summary Judgment.

342 F.Supp.2d at 1257-1258.

This Court should follow Judge Stanceau's decision. In the usual case where a challenge is made to agency action, judicial review is conducted on the basis of a well-developed administrative record, including determinative factual findings by the agency. This case is the opposite. Here, as in *Motion Systems*, the only issue dividing the parties is the purely legal issue of whether Commerce had statutory authority to take the three actions CAADES challenge.

5

Accordingly, this case, like *Motion Systems*, which "presents no genuine issue as to any material fact," should be resolved by summary judgment under Rule 56 on the basis of Commerce's decision published in the Federal Register, 84 Fed. Reg. 20,858 *et seq.*, not by motion on some other administrative record under Rule 56.1.  Although Commerce, unlike the President in *Motion Systems*, has the capacity to produce an administrative record, CAADES has found no case, and the government has cited none, where a record other than an agency's published decision is reviewed when the only issue is the legality of that decision.

Commerce itself has taken the position that the "record" in this case is Commerce's published decision by stating that, "[t]his determination is issued and published in accordance with section 733(f) and 771(i)(1) of the Act," 19 U.S.C. §§ 1673b(f), 1677f(i)(1).  84 Fed. Reg. 20,861.  Section 771(i)(1) of the Act, 19 U.S.C. § 1677f(i)(1), requires Commerce to "publish the facts and conclusions supporting" that decision.  Moreover, statements repeatedly made by government counsel at the hearing on CAADES' motion for a temporary restraining order and preliminary injunction confirm that the material published by Commerce in the Federal Register constitute the entire basis for Commerce's three challenged actions, and no other bases may be considered by the Court.  *See* Transcript of Hearing of May 16, 2019, 81-86, 90-91.

Although out of an abundance of caution CAADES invoked both Rule 56 and Rule 56.1 as the bases for its motion for summary judgment, this Court should follow Judge Stanceau's decision in treating the ***government's*** Rule 56.1 motion in *Motion Systems* as a Rule 56 motion, and treat CAADES' motion as a Rule 56 motion.  It also should base its review of Commerce's challenged actions exclusively on Commerce's published decision, which recites the sum total of "facts and conclusions" supporting that decision, and not wait for or even permit Commerce to file some "administrative record" cooked up by Commerce post-hoc.

For these reasons, CAADES respectfully requests that the Court withdraw its Order of June 19, 2019, and restore its Order of June 18, 2019, governing the briefing schedule on CAADES' motion for summary judgment.

Dated:  June 21, 2019                                   Respectfully submitted,

/s/ Robert S. LaRussa
Thomas B. Wilner
Neil H. Koslowe
Robert S. LaRussa
Robert D. McCabe
SHEARMAN & STERLING LLP
401 9th Street, NW
Washington, DC 200004
Telephone:  (202) 508-8000
Facsimile:  (202) 508-8100
twilner@shearman.com
rlarussa@shearman.com

*Counsel for Confederación de Asociaciones Agrícolas del Estado de Sinaloa, A.C., Consejo Agrícola de Baja California, A.C., Asociación Mexicana de Horticultura Protegida, A.C., Asociación de Productores de Hortalizas del Yaqui y Mayo and Sistema Producto Tomate*